1259 [2008], *lv denied* 10 NY3d 932 [2008]; *see People v Williams*, 291 AD2d 891, 893 [2002], *lv denied* 98 NY2d 656 [2002]).

Finally, defendant contends that the court failed to conduct a sufficient inquiry before denying her motion to withdraw her guilty plea and abused its discretion in denying her motion. We reject those contentions. First, "[t]he defendant should be afforded [a] reasonable opportunity to present his [or her] contentions [in support of the motion] and the court should be enabled to make an informed determination" based thereon (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Strasser*, 83 AD3d 1411 [2011]; *People v Harris*, 63 AD3d 1653 [2009], *lv denied* 13 NY3d 744 [2009]), and the record establishes that such was the case here. Second, with respect to the merits of the motion, defendant's claim of innocence in support thereof was belied by her statements during the plea colloquy (*see People v Gumpton*, 81 AD3d 1441, 1442 [2011]; *People v Nichols*, 77 AD3d 1339, 1340 [2010], *lv denied* 15 NY3d 954 [2010]). "The court was presented with a credibility determination when defendant moved to withdraw [her] plea and advanced [her] belated claim[ ] of innocence . . . , and it did not abuse its discretion in discrediting th[at] claim[ ]" (*People v Sparcino*, 78 AD3d 1508, 1509 [2010], *lv denied* 16 NY3d 746 [2011]). Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.

In the Matter of CHASE J.E., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES E.E., III, Appellant, et al. Respondent. [932 NYS2d 20]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.

In the Matter of LASTANZEA L. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAKESHA L., Appellant. (Appeal No. 1.) [929 NYS2d 922]—

Same memorandum as in *Matter of Lastanzea L.* (87 AD3d 1356

[2011]). Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.

■ In the Matter of LASTANZEA L. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAKESHA L., Appellant. (Appeal No. 2.) [929 NYS2d 922]—

Memorandum: In appeal No. 1, respondent mother appeals from an order entered upon her default that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the five children who are the subjects of this proceeding. The mother failed to appear at the hearing on the petition seeking revocation of the suspended judgment and, although her attorney was present at the hearing, he did not participate therein. "[I]n light of her [attorney's] election to stand mute," the mother's unexplained failure to appear at the hearing constituted a default (*Matter of Miguel M.-R.B.*, 36 AD3d 613, 614 [2007], *lv dismissed* 8 NY3d 957 [2007]). We therefore dismiss the appeal from the order in appeal No. 1 (*see Matter of Tiara B.* [appeal No. 2], 64 AD3d 1181, 1182 [2009]).

In appeal No. 2, the mother appeals from an order denying her motion to vacate the order in appeal No. 1 entered upon her default. Family Court properly exercised its discretion in denying the motion. Contrary to the mother's contention, her incarceration at the time of the hearing does not constitute a reasonable excuse for her default because she failed to provide a credible explanation for her failure to advise her attorney, the court or petitioner of her unavailability (*see Matter of Fa'Shon S.*, 40 AD3d 863 [2007]; *Matter of Ashley Marie M.*, 287 AD2d 333 [2001]). The mother also failed to demonstrate a meritorious defense or to explain her 11-month delay in seeking to vacate the order in appeal No. 1 (*see Matter of Tashona Sharmaine A.*, 24 AD3d 135 [2005], *lv denied* 6 NY3d 715 [2006]; *Ashley Marie M.*, 287 AD2d at 334). Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.

■ In the Matter of ANNA S., Respondent, v PEDRO R., Appellant. [930 NYS2d 170]—